IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLAUDINE BELONY,

            Plaintiff,

v.                                                                 Case No. 23-2152-JWB

THE UNIVERSITY OF KANSAS HEALTH SYSTEM,

            Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss and memorandum in support. (Docs. 8, 9.) Plaintiff has failed to file a response and the time for doing so has now passed. The motion is TAKEN UNDER ADVISEMENT for the reasons stated herein.

**I.    Facts**

According to the complaint, Plaintiff was treated by several medical providers at Defendant University of Kansas Health System.[1] Plaintiff is proceeding pro se in this action and is a citizen of New York. Plaintiff alleges that Defendant violated her civil rights by not giving her the basic standard of care because of her race and gender. Plaintiff claims that she was subjected to "subpar and discriminatory misdiagnosis and associated unnecessary surgeries." (Doc. 1 at 8.) Plaintiff further asserts that a surgeon and a medical resident made critical mistakes during a critical care episode in the emergency room. Based on the medical records attached to the complaint, Plaintiff presented to the emergency room after experiencing heavy vaginal

---

[1] Plaintiff utilized a short form complaint to which she attached a statement of her claim. (Doc. 1 at 8.) Plaintiff also attached an exhibit that contains over 100 pages. The exhibit includes medical bills from Defendant and statements from individuals regarding Plaintiff's character and alleged injuries. Besides taking some information from the medical records based on Defendant's representation of the facts, the court declines to search the exhibit for any additional facts which may support Plaintiff's claims.

1

bleeding on April 6, 2021. The next day, Plaintiff underwent a bilateral uterine artery embolization performed by Dr. Staecker and Dr. Martinelli. (Doc. 1-1 at 33.) Plaintiff was discharged on April 11, 2021. Plaintiff has alleged that her treating providers also included Dr. Findley, Rebecca Moburg, and others although Plaintiff has not set forth any specific facts regarding the medical treatment they provided. As a result of the alleged medical negligence, Plaintiff has suffered physical injuries, emotional distress, pain and suffering, and humiliation.

Plaintiff's complaint asserts that her civil rights have been violated and sets forth a claim of medical malpractice. Defendant moves to dismiss the complaint.

## II.     Standard

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.    Analysis

### A. Civil Rights

Plaintiff's allegations regarding the alleged violations of her civil rights are entirely conclusory. Plaintiff claims her civil rights have been violated because of how she was treated while a patient at the hospital and cites to 42 U.S.C. § 1983. To succeed on a claim under § 1983, Plaintiff must show that Defendant "deprived [Plaintiff] of a right secured by the Constitution and laws of the United States while ... acting under color of state law." *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). Plaintiff has failed to allege how her constitutional rights were violated and that any provider was acting under color of state law at the time of her treatment. Plaintiff cannot rely on conclusory allegations that her civil rights were violated. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.") Therefore, Plaintiff has failed to state a claim under § 1983.

Liberally construing her complaint, Plaintiff has also failed to state a claim under § 1981. Plaintiff has failed to set forth any facts supporting a finding that Defendant "intentionally discriminated against the Plaintiff on the basis of race." *Lindsey v. Thomson*, 275 F. App'x 744, 745 (10th Cir. 2007) (citing *Reynolds v. School District No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995) (noting that "[s]ection 1981 prohibits racial discrimination in the making, performance, modification, and termination of contracts," and that the discrimination must be intentional)).

### B. Medical Negligence

Plaintiff also alleges a claim of medical malpractice or negligence. Defendant moves for dismissal of this claim on the basis that it is immune from suit under K.S.A. 40-3403(h) because Plaintiff complains of negligence as a result of treatment by other medical providers. Under that statute, "[a] health care provider ... shall have no vicarious liability or responsibility for any injury

or death arising out of the rendering of or the failure to render professional services inside or outside this state by any other health care provider...." K.S.A. 40-3403(h).  The Kansas Supreme Court has interpreted this statute broadly holding that it "absolves a health care provider not just from vicarious liability but from any responsibility, including independent liability, where the injured party's damages are derivative of and dependent upon the rendering of or the failure to render professional services by another health care provider." *Cady v. Schroll*, 298 Kan. 731, 317 P.3d 90, 100 (2014).  Based on the factual allegations, Plaintiff asserts that certain medical providers were negligent in providing her care.  Therefore, under K.S.A. 40-3403(h), Defendant would not be vicariously liable for acts by these physicians if they are health care providers under the statute.[2]  *See Palmer v. Shawnee Mission Med. Ctr., Inc*., 355 F. Supp. 3d 1003, 1022 (D. Kan. 2018).

In any event, the court finds that Plaintiff's complaint fails to state a claim.  Because Plaintiff is proceeding pro se, the court may sua sponte determine whether her complaint fails to state a claim.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff's allegations of negligence with respect to Defendant are entirely conclusory.  Plaintiff fails to identify how Defendant was negligent with respect to Plaintiff's medical care.  She has also failed to allege that the medical providers she alleges provided inadequate care were employed by Defendant.  Therefore, her complaint is subject to dismissal on this basis.

However, because Plaintiff is proceeding pro se, the court will allow Plaintiff an opportunity to amend her complaint to cure these defects.  *See Hall*, 935 F.2d at 1110 n.3.

**IV.    Conclusion**

---

[2] Defendant asserts in its brief that the providers are covered health care providers under the statute.  (Doc. 9 at 7.)  Defendant does not further expand on this statement nor does it identify all of the providers at issue.  Plaintiff's complaint identifies providers that are not discussed in Defendant's brief.  Therefore, at this stage, the court declines to grant Defendant's motion on its affirmative defense of immunity under the statute.

Defendant's motion to dismiss (Doc. 8) is TAKEN UNDER ADVISEMENT.  Plaintiff is granted leave to file an amended complaint within 21 days of the date of entry of this order.  If Plaintiff fails to timely file a second amended complaint, the court may grant Defendant's motion to dismiss without further notice.

IT IS SO ORDERED.  Dated this 11th day of July 2023.

<pre>                                                  s/ John W. Broomes          
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE</pre>